## DAVIS v. GRACE S. S. CO. et al.

### No. 61.

District Court, E. D. Pennsylvania.
March 15, 1935.

Mortimer W. H. Cox, of Philadelphia, Pa., for libelant.

Howard M. Long, of Philadelphia, Pa., for respondent.

DICKINSON, District Judge.

The decision of this cause turns upon a fact finding. There is no dispute over the principles of law which control.

### The Fact Situation.

The libelant was employed by stevedores who were loading the respondent's ship. The stevedores were independent contractors. The ship had been fumigated, as required by the regulations of the port for which the vessel was next bound. There is used in this process two gasses. One, known as hydrocyanide, is deadly. The other, known as tear gas, is merely obnoxious and to some extent distressing. The presence of the latter is easily detected. The presence of the former is not disclosed of itself. It is because of this that the tear gas is used with it. This serves as a warning and in that way as a protection. When the fumes of the tear gas have been dissipated, the noxious fumes of the hydrocyanide gas are expected to be likewise gone. The effect of contact with the tear gas is, as we have said, merely annoying. No really harmful effects result. It was at first thought to be characteristic of the hydrocyanide gas that it was at once fatal. If not, the recovered patient suffered no after ill effects. It was learned, however, that this was not always true. The patient who survived the contact attack sometimes was the worse for it. Such is averred to be the case of the libelant.

### Discussion.

▇▇▇▇ The governing principle of law is not in dispute. The relation of ship and stevedore is a special relation. The ship is the place of employment, and the ship's tackle is used in the work of loading and unloading. It hence becomes the duty of the ship to use due care in providing a reasonably safe place to do the stevedoring work and reasonably safe appliances for the doing of it. The place assigned was not a safe place because of the presence of this noxious gas. The ship owed two duties: One to its owners to keep the ship employed; the other to the workmen who went into the hold. It is evident that in the zeal to save the time of the ship the other duty was overlooked. One who has a duty cannot escape it by relying upon performance by another. Negligence is found. The real question is the one of damages. The injury was incurred September 5, 1933. The libelant was discharged from the hospital September 9, 1933. He was then suffering from no ill effects. No charge of contributory negligence is made, because hydrocyanide gas gives no evidence of its presence other than its effects. The libelant probably had a more or less close call. He has the right to liberal treatment. This we accord him by an award of $750.

### Findings.

1. The respondents were guilty of negligence which contributed to the damage suffered by the libelant.

2. The libelant was guilty of no negligence.

3. The damages are assessed at $750.

### Conclusions of Law.

1. The libelant should have judgment for $750, with costs.

An appropriate order may be entered.